Jiminez v Rosi (2025 NY Slip Op 06904)

Jiminez v Rosi

2025 NY Slip Op 06904

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Index No. 817378/21|Appeal No. 5345|Case No. 2025-03543|

[*1]Marta E. Jiminez, Plaintiff-Appellant,
v
Julio A. Rosi et al., Defendants-Respondents.

Marcelo A. Buitrago, New York (Marcelo A. Buitrago of counsel), for appellant.
Morris, Duffy, Alonso, Falfy & Pitcoff, New York (Ira E. Goldstein, Kevin G. Faley and Iryna S. Krauchanka of counsel), for respondents.

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered June 5, 2025, which denied plaintiff's motion for leave to renew its opposition to defendants' motion for summary judgment or to vacate an order, same court and Justice, entered May 13, 2025, granting defendants' unopposed motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiff's motion to vacate granted, and the matter remanded for consideration of the motion for summary judgment on the merits.
The parties do not contest, and Supreme Court providently found, that plaintiff demonstrated a reasonable excuse for her default in opposing defendants' motion for summary judgment based on law office failure (see Sara's Studios, LLC v Sparkle World LLC, 217 AD3d 465, 466 [1st Dept 2023]).
However, the court improperly denied plaintiff's motion to vacate as plaintiff proffered a potentially meritorious claim through submission of her deposition testimony and defendant-driver Rosi's deposition testimony(see Luciano-Mahoney v Rossman, 191 AD3d 604, 605 [1st Dept 2021]). Plaintiff testified that prior to the collision with the vehicle owned and operated by defendants, she stopped at the stop sign at the intersection. Rosi testified that there were no traffic control signals in the direction he was traveling, that he did not know if plaintiff had stopped at the stop sign regulating her direction of travel, and that he could not recall if he saw plaintiff's vehicle prior to the collision (see id.). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025